[No. 5699.]

## MAJORS v. THE PEOPLE.

1. **Practice in Criminal Cases—Evidence—Docket Entry of Other Offenses.**

On a prosecution for keeping a lewd house in violation of § 1323, Mills' Ann. Stats., docket entries of a police magistrate were introduced in evidence showing that one of the same name as defendant had pleaded guilty to a charge of keeping a disorderly house in violation of a city ordinance, but no evidence was introduced to show that defendant was the same person or that the house was one of prostitution. Held, that it was error to admit such record in evidence.—P. 439.

2. **Appellate Practice in Criminal Cases—Evidence.**

Where a judgment of conviction is supported by sufficient uncontradicted evidence, the admission of other incompetent evidence is not ground for reversal.—P. 439.

3. **Practice in Criminal Cases — Disorderly House — Maximum Sentence—Abuse of Discretion.**

Where a person was convicted of keeping a lewd house, under Mills' Ann. Stats., § 1323, providing for a punishment by fine not exceeding $100, or imprisonment in the county jail not exceeding six months, and the evidence tended to show that the defendant had conducted such house for a considerable length of time, the imposition of a sentence of six months was not an abuse of discretion.—P. 440.

*Error to the District Court of El Paso County.*
*Hon. Robert Kerr, Judge.*

Mamie Majors was convicted of keeping a lewd house, in violation of Mills' Ann. Stats., § 1323, and she brings error.        *Affirmed.*

Mr. ARTHUR CORNFORTH, Mr. W. D. LOMBARD, and Mr. S. G. KINSLEY, for plaintiff in error.

Mr. N. C. MILLER, attorney general, for defendant in error.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This is a bawdy-house case. The defendant was charged with keeping a lewd house for the purpose of fornication, in violation of section 1323, Mills' Ann. Stats. There are three alleged errors urged in support of the reversal: First, that the testimony was not sufficient to justify the verdict. It is urged that the only competent testimony against the defendant was that produced by a confessed prostitute and police officers who gave evidence only of the reputation of the house and of its inmates. The witness who was said to be a confessed prostitute, Mrs. Anna Rock, testified substantially as follows:

"I have known Mamie Majors about a year. I first became acquainted with her about a year ago last May at her house, 617 Washington avenue. She kept a house of prostitution. She has been in control of the house while I have known her. Mamie Price, Sylvia Clayton and others were inmates. I suppose they were there for the purpose of adultery. My occupation is and has been that of a prostitute. I was an inmate of the house for about twenty hours. I know from my personal knowledge that Mamie Majors kept that house."

In addition to the testimony of this woman, there was the evidence of a number of police officers of Colorado City who testified that the house had the reputation of being a sporting house. This testimony was not contradicted. The case went to the jury, and it returned a verdict of guilty.

The proof was positive that the house was of the character described in the information, and of the kind prohibited by the statute. The jury would not have been justified in arriving at any other conclusion.

At the trial, the district attorney introduced in evidence certain entries of the docket of the police magistrate, wherein it showed that one Mamie Majors had entered a plea of guilty of a violation of the municipal ordinance prohibiting the keeping of disorderly houses. There is nothing to show that the defendant was the same Mamie Majors who entered the plea of guilty, and there was nothing to show that the disorderly house mentioned in the police magistrate's record was a house of prostitution. It was error to permit the introduction of this record. However, inasmuch as the fact that defendant kept the house and that it was a house of the character mentioned in the information and prohibited by law, was amply proved and this testimony was not contradicted, the cause should not be reversed because of the error in admitting the police magistrate's record, which, under the circumstances, could not possibly have prejudiced the defendant.

The defendant was sentenced to confinement in the county jail of El Paso county for the term of six months. It is complained that the sentence was excessive. The statute provides that one convicted of an offense charged therein shall be fined in a sum not exceeding one hundred dollars, or imprisoned in the

county jail not exceeding six months.—Section 1323, Mills' Ann. Stats.

Defendant appears to contend that, if she was to be punished at all, it should have been by fine. The practical result of the collection of fines in such cases amounts merely to the paying of a license by disso-. lute persons for the privilege of violating the law. Where offenders of this character are prosecuted, they should be prosecuted for the purpose of suppressing the crime, and not for the purpose of collecting a license fee. The evidence tends to show that this woman was conducting a house of prostitution 'for a considerable period of time before she was arrested. The trial judge heard the testimony and saw the witnesses, and if, in his judgment, the maximum sentence was the proper one to be inflicted, we cannot see from the record that there was an abuse of his discretion.

Perceiving no prejudicial error in the record, the judgment of the district court will be affirmed.

*Affirmed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.